UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRENTON SEAMORE,

                    Petitioner,                         **DECISION AND ORDER**
        -vs-                                   **No. 02-CV-6334(VEB)**

JOHN ASHCROFT, as Attorney General,
of the United States,

                    Respondent.

_____

Brenton Seamore ("Seamore" or "petitioner") filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 challenging a final order of removal from the United States

by the Immigration and Naturalization Service and his continued detention in administrative

custody of the Department of Homeland Security, Immigration and Customs Enforcement

pending his removal to his native country. *See* Petition (Docket No. 1). On June 10, 2005,

pursuant to the REAL ID Act of 2005,[1] this Court the portion of Seamore's petition challenging

the final order of removal the United States Court of Appeals for the Second Circuit as a petition

for review. *See* Transfer Order (Docket No. 15). The Second Circuit stayed the removal order

against Seamore pending its determination of the habeas claim transferred to it by this Court

under the REAL ID Act. *See Seamore (A24 705 353) v. Ashcroft*, No. 05-3191 (2d Cir. June 23,

2005). On May 22, 2006, the Second Circuit dismissed Seamore's petition for review. *See*

Mandate of Second Circuit Court of Appeals, attached as Exhibit B (Docket No. 17-2) to

Respondent's Motion to Dismiss the Petition (Docket No. 17). As a result of the Second

---

[1]       Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunaumi Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231, is known as the "REAL ID Act."

Circuit's dismissal of Seamore's petition, the stay of the removal order was lifted. Thus, the Department of Homeland Security, Immigration and Customs Enforcement was able to execute the removal order against Seamore.

Seamore was deported to Jamaica on August 8, 2006. *See* Exhibit C (Docket No. 17-3) to Respondent's Motion to Dismiss the Petition. On April 26, 2007, respondent filed a motion to dismiss Seamore's petition on the basis that his deportation pursuant to the final order of removal rendered the petition moot. *See* Respondent's Affidavit (Docket No. 17-1) in Support of Motion to Dismiss the Petition (Docket No. 17) at pp. 1-4.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir. 1992). The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that '"there is no reasonable expectation that the wrong will be repeated,"' *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant '"any effectual relief whatever" to [the] prevailing party,' *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))." *County of Erie v. Pap's A.M.*, 529 U.S. at 287.  In such cases, "any opinion as to the legality of the challenged action would be advisory." *Id.*

Here, by this habeas corpus petition, Seamore sought release from administrative detention by the I.N.S. The petition therefore became moot upon Seamore's release from INS custody and deportation from the United States.

**CONCLUSION**

Accordingly, respondent's motion to dismiss the instant petition (Docket No. 17 with

attachments Docket Nos. 17-1, 17-2, and 17-3) on the basis that it is moot and no longer presents

a "live" case or controversy is **GRANTED.**  Seamore's petition for a writ of habeas corpus is

hereby **DENIED** and the petition is **DISMISSED.** Furthermore, I decline to issue a certificate of

appealability because Seamore has not made a substantial showing of the denial of a

constitutional right, *see*  28 U.S.C. § 2253(c)(2), and appellate review is therefore not warranted.

  **IT IS SO ORDERED.**

              /s/ *Victor E. Bianchini*

            _____

              VICTOR E. BIANCHINI
             United States Magistrate Judge

DATED:  May 18, 2007
     Buffalo, New York.